IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEVRON TOWSON, | * | |
| Petitioner, | * | |
| v. | * | **Crim. Action No. RDB-18-0339** |
| | | **Civil Action No.   RDB-20-3370** |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On August 5, 2019, *pro se* Petitioner Devron Towson ("Towson" or "Petitioner") pled guilty to one count of conspiracy to distribute and possess with the intent to distribute 400 grams or more of Fentanyl, in violation of 21 U.S.C. § 846.  (Plea Agreement, ECF No. 277.) This Court sentenced Petitioner to a total term of 132 months of imprisonment followed by a five-year period of supervised release. (Judgment, ECF No. 415.)  Currently pending before this Court is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 719.)  The Government has filed a Response in opposition.  (ECF No. 739.)  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 719) is DENIED.

**BACKGROUND**

On December 13, 2018, Devron Towson was charged along with 18 co-defendants in a 19-Count Second Superseding Indictment with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1), conspiracy

to use and carry a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 2), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 19).  (Second Superseding Indictment, ECF No. 170.)  On August 5, 2019, Towson pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances (Count 1), pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).  (Plea Agreement, ECF No. 277.)   Towson stipulated that between January 2017 and December 13, 2018, he conspired with co-defendants to distribute quantities of heroin and fentanyl and to possess with the intent to distribute those drugs in Baltimore, Maryland and elsewhere.  (*Id.*, Attachment A.)  Towson also waived his right to appeal his conviction and sentence.  (*Id.* ¶ 11.)

This Court conducted a Sentencing Hearing on November 6, 2019.  (ECF No. 410.)  At sentencing, this Court reviewed the Presentence Investigation Report ("PSR") with Towson, his counsel, and the Government.  (11/6/2019 Sentencing Tr., ECF No. 737; PSR, ECF No. 357.)   The PSR reflected a total offense level of 31 and a criminal history category of V, resulting in an advisory guideline range of 168 to 210 months.  (PSR ¶ 68.)  Under the Rule 11(c)(1)(C) plea agreement, the parties agreed that a sentence of 132 months' imprisonment was the appropriate disposition of this case.  (Plea Agreement, ECF No. 277.)  Based on these factors, this Court sentenced Towson to 132 months' imprisonment, followed by a five-year period of supervised release. (Judgment, ECF No. 415.)  On November 19, 2020, Towson filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 719.)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007).  Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack.  *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255).  "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'"  *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)).  Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence.  *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999).  Conversely, any "failure

to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

## ANALYSIS

Towson argues that his sentence must be vacated because (1) his attorney failed to render effective assistance of counsel; and (2) he is entitled to a new United States Sentencing Guidelines ("U.S.S.G") calculation based on the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). As explained below, all of Towson's arguments are meritless.

### I. Petitioner Received Effective Assistance of Counsel.

Towson argues that his counsel was ineffective by: failing to inform him of his right to file a notice of appeal, by failing to file an appeal, and by failing to inform him that the amount of drugs in the conspiracy could be broken down under a reasonably foreseeable determination. A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052 (1984).

The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. To satisfy

the first prong, the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Id.* at 689.  Specifically, a Petitioner must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors "had an adverse effect on the defense." *Id.* at 693.  In the plea-bargaining context, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

Towson's claims of ineffective assistance of counsel cannot overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008) (quoting *Strickland*, 466 U.S. at 689).  Towson's arguments that his counsel was deficient by failing to notify him of his right to file an appeal and by failing to file an appeal are contradicted by Towson's own sworn statements during the Rule 11 proceeding and at sentencing.  At his arraignment, Towson expressed his understanding that he had waived his right to appeal:

> **The Court:** And, in this case, as we'll be discussing in Paragraph 11, both you and the Government waive appeal of the agreed sentence of 11 years….Do you understand that?
>
> **The Defendant:** Yes, sir.
>
> * * *
>
> **The Court:** And, if there was a trial in this case and if you were found guilty, you could appeal both the verdict of guilty as well as any sentence imposed.  There would be no limit to your right of appeal, as

> there is now under Paragraph 11. Do you understand that, Mr. Towson?
>
> **The Defendant:** Yes, sir, Your Honor.

(8/5/2019 Arraignment Tr. at 20:16-21, 30:19-25, ECF No. 735.)

Likewise, at sentencing, the colloquy between Towson, his counsel Mr. Schreiber, and the Court contradict his present assertion that his counsel failed to inform him of his right to file an appeal:

> **The Court:** I want to advise you of your appeal rights in this case, Mr. Towson. Pursuant to Paragraph 11 of the plea agreement, both you and the Government waived appeal of the agreed sentence of 132 months, but, even if, despite that, you wanted to note an appeal, you should do so within 14 days of the entry of the Judgment and Commitment Order in this case, pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure. If you could not afford an attorney to represent you, an attorney could be appointed to represent you. Mr. Schreiber, you do not need to notify the Court, but if you would just make sure that your own file reflects that he does not desire to file an appeal, and you just have a note to that effect in your file in case that were to become an issue later on.
>
> **Mr. Schreiber:** I will do that. Thank you, Your Honor.

(11/6/2019 Sentencing Tr. at 29:19-30:3, ECF No. 737.) Towson does not allege that he ever requested counsel to file a notice of appeal. Instead, Towson's counsel has filed an affidavit stating that Towson did not ask him to file an appeal. (*See* Schreiber Affidavit, ECF No. 739-1 ¶ 4.) Accordingly, there is no reason for this Court to now doubt the truth of Towson's sworn statements that he understood his appeal rights. *See United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able

to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.").

Towson also argues that counsel was ineffective for failing to inform him "that the amount of drugs in a conspiracy could be broken down under a 'reasonably foreseeability' determination." (Mot. at 4, ECF No. 719-1.) This argument is foreclosed by Towson's Plea Agreement, which states:

> This Office and the Defendant further agree that the applicable base offense level is 32, pursuant to U.S.S.G. § 2D1.1(c)(4), because it was **foreseeable to the defendant that the conspirators would distribute at least 1.2 kilograms of Fentanyl but less than four kilograms of Fentanyl.**

(Plea Agreement ¶ 6.b, ECF No. 277 (emphasis added).) The Statement of Facts incorporated in the Plea Agreement also provides, "the Defendant agrees that it was **reasonably foreseeable to him** that members of the conspiracy would distribute more than 1.2 kilograms of fentanyl but less than four kilograms of fentanyl." (*Id.*, Attachment A.) At his arraignment, Defendant confirmed that he had read the Plea Agreement "numerous times" with his counsel and that he was "fully satisfied" with his counsel and the advice he had given. (8/5/2019 Arraignment Tr. at 11-13, ECF No. 735.) Accordingly, there is no reason for the Court to now doubt Towson's prior sworn statements that he understood the factual stipulations he made in the Plea Agreement and that his counsel was effective. *See Lemaster,* 403 F.3d at 221.

In sum, none of counsel's actions were constitutionally defective, and Towson's ineffective assistance of counsel claims must fail.

## II.   Petitioner is not entitled to a new sentence under *United States v. Norman.*

Towson also argues that he is entitled to a new sentencing guidelines calculation based on the Fourth Circuit's opinion in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). In

*Norman*, the Fourth Circuit determined that federal drug conspiracy under 18 U.S.C. § 846 is categorically not a qualifying offense for career offender purposes. 935 F.3d at 237-39. Here, Towson pled guilty to violating 21 U.S.C. § 846, but he did not have any prior convictions under § 846 that affected his base offense level under the sentencing guidelines or that influenced his sentencing calculations. (*See* PSR, ECF No. 357.) Accordingly, the holding in *Norman* does not affect Towson's sentence. As a result, because all of Towson's arguments lack merit, Towson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 719) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 719) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

8

A separate Order follows.

Dated: February 19, 2021

_____/s/_____
Richard D. Bennett
United States District Judge